## SYMONETTE v STATE OF FLORIDA

### Case No. 87-313-AC (County Court case No. 87-66111)

Eleventh Judicial Circuit, Dade County

May 15, 1989

### APPEARANCES OF COUNSEL

**Harvey J. Sepler,** Assistant Public Defender, for appellant.
**Joni B. Braunstein,** Assistant Attorney General, for appellee.
Before HENDERSON, SALMON, KORNBLUM, JJ.

### OPINION OF THE COURT

KORNBLUM, A.

After being arrested by City Officers in the City of Miami, Appellant was charged by affidavit with three misdemeanors. He was found guilty of two: Breach-Of-Peace charged under Section 877.03 F.S. and Obstructing Police under Section 21-26 of the code of Metropolitan Dade County.

This Appeal is from the County Court's denial of Appellant's Motion to Dismiss the latter charge.

Appellant argues that neither Section 37-1 of the City Code or Section 21-85 of the Metro Code authorized the City Officer to charge

the Appellant with a violation of a Metro Ordinance. He contends that without an enabling City Ordinance he could not be charged with violation of the Metro Ordinance.

Appellant concedes he could have been properly charged under an appropriate Florida Statute or the City Code. We note that Section 37-53 of the City Code and Section 843.02 F.S. are substantially the same as Section 21-26 of the Metro Code.

We are not persuaded by Appellant's argument that the Metro Code does not authorize a Municipal Officer to charge without an enabling City Ordinance. There is no conflict between the Metro Code and the State statute. The code clearly authorizes the charge by a Municipal Officer either as a violation of State law under Section 21-81 or of the Metro Code under Section 21-26 or under the Municipal Code.

In conclusion, we find that the Appellant could have been charged under any of them, Municipal, Metro or State. In any event, the failure to cite the proper section would not be fatal, absent a showing of prejudice. Rule 3.140(d)(1) Fla.R.Crim.P.

Affirmed.